245 F.2d 868
 Louis BRODEY, Plaintiff-Appellant,
v.
NATIONAL AIRLINES, Inc., Defendant-Appellee.
Louis APUZZO, as Administrator of the goods, chattels and credits of Margaret Apuzzo, deceased, Plaintiff-Appellant,
v.
NATIONAL AIRLINES, Inc., Defendant-Appellee.
 No. 280.
 No. 281.
 Docket 24353.
 Docket 24354.
 United States Court of Appeals Second Circuit.
 Argued April 3, 1957.
 Decided June 26, 1957.
 
 Shultz & Garber, New York City (Harry E. Kreindler and Lee S. Kreindler, New York City, of counsel), for plaintiff-appellant Brodey.
 Emil K. Ellis and George V. Marfeo, New York City, for plaintiff-appellant Apuzzo.
 Bigham, Englar, Jones & Houston, New York City (Reilly & Reilly, John G. Reilly and Harold V. McCoy, New York City, of counsel), for defendant-appellee.
 Before CLARK, Chief Judge, and HAND and LUMBARD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by two plaintiffs from judgments in their favor, entered by Archie O. Dawson, Judge, Southern District of New York, on the verdict of a jury, on the ground that the verdicts are inadequate because of errors in the reception of evidence. The action arose from the crash at Elizabeth, New Jersey, of defendant's DC-6 passenger airplane N-90891, bound for Miami, Florida from the Newark airport on February 11, 1952. Brodey was a passenger on the plane and brought his action to recover for personal injuries. The jury awarded him $20,000 as compensatory damages. Louis Apuzzo's wife, Margaret, died as a result of injuries she sustained in the crash. He brought this action under the New Jersey "Death by Wrongful Act" statute, N.J.Stat.Ann. Vol. 2A, Chap. 31 and the jury awarded him $10,000. The claims of Brodey and Apuzzo were tried together with three other claims arising from the same accident, all parties consenting. The errors complained of relate to evidence admitted during the cross-examination of Louis Apuzzo.
 
 
 2
 For the reasons stated by Judge Dawson in denying motions for a new trial, it is quite apparent that the evidence received during Louis Apuzzo's cross-examination was relevant to the issues of the amount of his loss and his credibility as a witness and therefore this evidence was properly admitted.
 
 
 3
 The appellant Brodey has no cause to complain that he was prejudiced by any of the evidence which the jury heard on Apuzzo's claim. He consented to the joint trial. It must have been obvious to the jury, and it was sufficiently pointed out and stressed by the trial judge, that each claim was to be separately considered. There is no showing that the jury did not give to each claim the consideration to which it was entitled.
 
 
 4
 The other errors complained of are entirely without substance.
 
 
 5
 Affirmed.